# SETTLEMENT AGREEMENT

**IT IS HEREBY AGREED BY AND AMONG,** PABLO SURIA ("Plaintiff") and SPARKLES CAR WASH & QUICK LUBE , INC. d/b/a SPARKLES CAR WASH & QUICK LUBE and PIETRO OPPEDISANO (collectively, "Defendants") as follows:

**WHEREAS,** Plaintiff commenced an action in the United States District Court, Eastern District of New York on February 20, 2018 styled as *PABLO SURIA, individually and on behalf of all other employees similarly situated, v.* SPARKLES CAR WASH & QUICK LUBE , INC. d/b/a SPARKLES CAR WASH & QUICK LUBE and PIETRO OPPEDISANO, Index No. 18-cv-01077 (KAM) (JO) (hereinafter the "Action") in which he has asserted various claims and avers he is entitled to alleged overtime payments under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for spread of hours pay, notice violations and wage statement violations under the NYLL; and

**WHEREAS,** Defendants filed their Answer on April 13 2018, denying all of the material allegations asserted by Plaintiff and denying that it violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiff; and

**WHEREAS,** Plaintiff filed a motion for conditional certification of the collective on June 15, 2018; and

**WHEREAS,** in an effort to continue to explore a resolution of the Action, Plaintiff and Defendants (singularly, a "Party." Collectively, the "Parties") entered into an agreement tolling the limitations period for potential opt-in plaintiffs pending resolution of the motion for conditional certification; and

**WHEREAS,** the Parties, despite the existence of a genuine dispute between the Parties, have agreed, in good faith, to avoid the time, expense and effort of engaging in further litigation by fully and finally resolving and settling all wage and hour claims that Plaintiff has, had or may have against Defendants, including but not limited to, all minimum wage, notice, overtime and spread of hours claims and issues that were or could have been raised by Plaintiff, by way of this Settlement Agreement (hereinafter, the "Agreement"); and

**WHEREAS,** Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action, appeared before Magistrate Judge James Orenstein for a settlement conference on June 25, 2018 and whereby at said settlement conference the Parties reached a settlement acceptable to the Parties, and which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses, and the *bona fide* dispute between the Parties; and

**WHEREAS,** Plaintiff's motion for conditional certification has been withdrawn by Plaintiffs; and

**NOW, THEREFORE,** the Parties hereby agree, for the consideration and upon the terms set forth in this Agreement, and incorporating the above "Whereas" clauses, as follows:

1

1. In full, final and complete settlement of the claims asserted in the Action including any and all claims for unpaid wages, overtime pay, liquidated damages, notice violation, penalties, interest and any and all other claims and potential claims asserted by the Plaintiff, including attorneys' fees and costs, Defendants hereby agree to cause to be paid to the Plaintiff the gross sum of SIXTY THOUSAND DOLLARS AND ZERO CENTS ($60,000.00) (the "Settlement Amount") as follows:

(a) Within thirty (30) days of the Court's approval of this Agreement and the So Ordering of the dismissal of this action, Defendants shall forward to Plaintiff's counsel three (3) checks, made payable as follows:

   i. one (1) check in the amount of $ 9,875.00 less applicable withholdings, made payable to PABLO SURIA representing payment of economic damages, and

   ii. one (1) check in the amount of $ 9,875.00 made payable to PABLO SURIA representing payment of liquidated damages.

   iii. one (1) check in the amount of $ 10,250.00 made payable to HANG & ASSOCIATES, PLLC representing all reasonable attorney's fees and costs.

(b) Within thirty (30) days from the date of the first payment, as set forth in Paragraph 1(a) above, Defendants shall forward to Plaintiff's counsel three (3) checks, made payable as follows:

   i. one (1) check in the amount of $ 9,875.00 less applicable withholdings, made payable to PABLO SURIA representing payment of economic damages, and

   ii. one (1) check in the amount of $ 9,875.00 made payable to PABLO SURIA representing payment of liquidated damages.

   iii. one (1) check in the amount of $ 10,250.00 made payable to HANG & ASSOCIATES, PLLC representing all reasonable attorney's fees and costs.

(c) Plaintiff acknowledges that he will be issued a form W-2 at the appropriate time for all amounts representing Plaintiff's economic damages and shall make all lawful deductions in accordance with a tax W-4 transmitted by Plaintiff at the time he transmits an executed copy of this Agreement.

(d) Plaintiff acknowledges that the Defendants may issue a tax form 1099 at the appropriate time for all amounts representing liquidated damages and Plaintiff's attorneys' fees and costs.

(e) So long as the Court has approved this Agreement and So Ordered the dismissal of this Action, the full Settlement Amount shall be paid to Plaintiff no later than September 30, 2018.

All payments set forth above shall be delivered to or mailed to Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354.

2. In consideration of the payment to Plaintiff by Defendants of the Settlement Amount constituting good and valuable consideration, Plaintiff hereby, acting on his own free will and volition, and on behalf of himself, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, release the Defendants, as well as Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiff to be an "employer" both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (all of said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any statutory, constitutional, contractual or common law claims for unpaid regular or overtime wages, earned sick time, accrued benefit time, improper notice, improper paystubs, spread of hours, unpaid gratuities, service charges, living wage, tips, any related wage and hour claims, interest on such claims, penalties, damages and fees, restitution, or equitable relief. This release provision includes any such claims under the New York State Labor Law, the Fair Labor Standards Act, the Equal Pay Act and any other federal, state or local law governing the payment of wages, which Plaintiff, his respective heirs, executors, administrators, agents, successors, and assigns, has, had or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to any and all claims raised in the Action.

3. By entering into this Agreement, none of the parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the Parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendants, who expressly denies any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

4. In the event that any payments described in Paragraph 1 are not received by Plaintiff's counsel by the dates set forth above, Plaintiff's counsel shall provide written notice to Defendants' counsel, Keith Gutstein, Esq., Kaufman Dolowich & Voluck, LLP, via email at KGutstein@kdvlaw.com and via first class mail to 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, of said non-payment or incomplete payment. Defendants will have five (5) days from the date of receipt of Plaintiff's written notice to remedy the untimely or incomplete payment(s) before Plaintiff deems Defendants to be in default and the Agreement breached. If Defendants duly remedy the untimely or incomplete payment(s) before the expiration of that five (5) day period, Defendants shall not be in default and the Agreement shall not be breached. Plaintiff and his counsel shall have the right to a Confession of Judgment against Defendants in the amount of Ninety Thousand Dollars and Zero Cents ($90,000) less any monies paid by Defendants at the time of default plus legal fees and costs incurred by Plaintiff and his counsel in connection with the default (herein attached as Exhibit A). The Court shall retain and

have authority and jurisdiction to enter such Confession of Judgment in favor of Plaintiff and his counsel. Upon full payment of the Settlement Amount, the Confession of Default is deemed null and voice, and must be returned to the attention of Defendant's counsel.

5. Plaintiff agrees to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority resulting from the issuance of an IRS form 1099 as a result of Plaintiff's failure to pay any taxes related to any income garnered by and through this Agreement.

6. Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative body and will also withdraw with prejudice all judicial actions, including this Action, and as well as any and all other lawsuits, claims, demands or actions relating to wage and hour claims pending against any and all Releasees, both individually and in their/its official capacities. Plaintiff will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind relating to wage and hour claims against Releasees as he acknowledges no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that he will execute such papers or documents as the requesting Party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.

7. Plaintiff acknowledges that, upon payment as described in Paragraph 1 herein, he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including, but not limited to, those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8. Plaintiff acknowledges that upon receipt of all of the payments set forth in Paragraph 1 of this Agreement, he has been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours or stretch pay, withheld payroll deductions, call in pay, vacation or sick pay, accrued benefits (including, but not limited to, health care benefits), bonus or commission.

9. This Agreement shall not be interpreted in favor or against either Party on account of such Party's counsel having drafted this Agreement.

10. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal.

11. If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the Parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such

4

invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

12. The parties agree that the United States District Court, Eastern District of New York shall retain jurisdiction for all purposes.

13. In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

14. By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

15. This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

16. This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

17. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

18. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff: Jian Hang, Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354; jhang@hanglaw.com.

For Defendants: Keith J. Gutstein, Kaufman Dolowich Voluck, 135 Crossways Park Drive, Suite 201, Woodbury, NY, 11797; KGutstein@kdvlaw.com.

**Plaintiff represents that he has had a full opportunity to review and consider the terms and conditions of this Agreement and to have discussed them with his respective counsel or financial advisor, and has had sufficient time to review and consider this Agreement, fully understand all of the provisions of this Agreement and has executed same freely.**

[SIGNATURES ON NEXT PAGE]

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

_____  
PABLO SURIA

Date: Aug 8, 2018

STATE OF NEW YORK }  
} S.S.  
COUNTY OF Queens }

LORENA P. DUARTE  
NOTARY PUBLIC-STATE OF NEW YORK  
No. 02DU6368787  
Qualified In Nassau County  
My Commission Expires 12-18-2021

On Aug 8th, 2018, before me personally came Pablo Suria, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement, and duly acknowledged to me that he executed the same.

_____  
NOTARY PUBLIC

_____  
SPARKLES CAR WASH & QUICK LUBE, INC.  
d/b/a SPARKLES CAR WASH & QUICK LUBE  
Name: Pietro Oppedisano  
Title: President  
Date: 8-21-18

_____  
PIETRO OPPEDISANO  
Date:

SUBSCRIBED AND SWORN TO BEFORE ME  
THIS 21 DAY OF August 2018  
BY _____  
_____  
NOTARY PUBLIC

ANNETTE M. BOSCH  
NOTARY PUBLIC, State of New York  
No. 01BO6052135  
Qualified in Suffolk County  
Commission Expires December 11, 20 18

6

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PABLO SURIA, *individually and on behalf of all other employees similarly situated,*

                                        Plaintiffs,

      -against-

SPARKLES CAR WASH & QUICK LUBE, INC. d/b/a SPARKLES CAR WASH & QUICK LUBE and PIETRO OPPEDISANO,

                                        Defendants.
------------------------------------------------------------------X

Index No.:
18-cv-01077 (KAM)(JO)

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF _____ )
                          ) ss.:
COUNTY OF _____ )

    Pietro Oppedisano, being duly sworn, deposes and says:

    1.    I am a Defendant in the above-entitled action and I am a principal of Defendant Sparkles Car Wash & Quick Lube, Inc. d/b/a Sparkles Car Wash & Quick Lube (the "Corporate Defendant").

    2.    I reside in Whitestone, New York.

    3.    I am duly authorized to make this affidavit pursuant to § 3218 of the New York Civil Practice Law and Rules, in support of Plaintiffs' application for the entry of a judgment by confession against me and the Corporate Defendant in the above-captioned action.

    4.    This is a judgment to be confessed for money due. The facts out of which the debt arose and that the sum confessed as justly due is set forth below.

    5.    On June 25, 2018, Defendants agreed to pay the total sum of Sixty Thousand Dollars and Zero Cents ($60,000.00) (the "Settlement Amount") in exchange for the dismissal of the above-captioned action, with prejudice, and the Parties executed a Settlement and Release Agreement (the "Agreement").

    6.    Under the terms of the Agreement, Defendants agreed to pay a total gross settlement amount of Sixty Thousand Dollars and Zero Cents ($60,000.00) in two equal

8

installments: (1) Thirty Thousand Dollars and Zero Cents due thirty (30) days after judicial approval of the Settlement Agreement and the So Ordering of the dismissal of this action and (2) Thirty Thousand Dollars and Zero Cents due thirty (30) days after the initial payment is made. All payments are made pursuant to the language in the Agreement.

7. Under the terms of the Agreement, I agreed to execute the instant Affidavit for Confession of Judgment on behalf of myself and the Corporate Defendant in the amount of Ninety Thousand Dollars and Zero Cents ($90,000.00), less any payments made by Defendants under said Agreement.

8. Under the terms of the Agreement, if Defendants are in default in the payment of any of the said installments, Plaintiff shall provide five (5) calendar days' notice to Defendants of his intent to file the Affidavit for Confession of Judgment with the clerk of this Court. Defendants shall have five (5) calendar days to remedy their default after receipt of the Notice of Default. If Defendants remain in default in the payment of any of the said installments after the five (5) day period to cure same has expired, Defendants agree to entry of judgment in the amount of the unpaid portion of the Settlement Amount.

9. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, I hereby authorize the entry of judgment in the amount of Ninety Thousand Dollars and Zero cents ($90,000), less any payments made by Defendants under said Agreement, against myself and the Corporate Defendants, jointly and severally.

10. Upon all payments being made under the Agreement, this Confession of Judgment shall be invalidated and any monies due and owing under it shall be voided.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated:   Woodbury, New York
         _____, 2018

_____
PIETRO OPPEDISANO

STATE OF New York    }
                     }S.S.
COUNTY OF Queens     }

On August 21, 2018, before me personally came Pietro Oppedisano, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ANNETTE M. BOSCH
NOTARY PUBLIC, State of New York
No. 01BO6052135
Qualified in Suffolk County
Commission Expires December 11, 20 18

_____
SPARKLES CAR WASH & QUICK LUBE, INC. d/b/a
SPARKLES CAR WASH & QUICK LUBE
By:
Title:

STATE OF New York    }
                     }S.S.
COUNTY OF Queens     }

On August 21, 2018, before me personally came Pietro Oppedisano, and acknowledged himself to be an officer of Sparkles Car Wash & Quick Lube, Inc. d/b/a Sparkles Car Wash & Quick Lube and that he, as such, being authorized so to do, executed the foregoing Affidavit for Judgment by Confession for the purposes therein contained, by signing his name for Sparkles Car Wash & Quick Lube, Inc. d/b/a Sparkles Car Wash & Quick Lube.

_____
NOTARY PUBLIC

ANNETTE M. BOSCH
NOTARY PUBLIC, State of New York
No. 01BO6052135
Qualified in Suffolk County
Commission Expires December 11, 20 18

4811-3859-6973, v. 1